**SIGNED THIS: July 16, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL E. LAHOOD and | ) | |
| ANNETTE M. WHITE LAHOOD | ) | No. 07-81727 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| HEARTLAND BANK AND TRUST COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-8156 |
| | ) | |
| CHARLES E. COVEY, TRUSTEE, | ) | |
| RICHARD J. LAHOOD and FLLZ, L.L.C., | ) | |
| Defendants. | ) | |
| | ) | |
| CHARLES E. COVEY, TRUSTEE | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HEARTLAND BANK AND TRUST COMPANY, | ) | |
| Counter-Defendant. | ) | |

| | |
|---|---|
| **CHARLES E. COVEY, TRUSTEE** | ) |
| | ) |
|       Cross-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **RICHARD J. LAHOOD, MICHAEL LAHOOD and FLLZ, L.L.C.,** | ) |
| | ) |
|       Cross-Defendant. | ) |
| | ) |
| **RICHARD J. LAHOOD** | ) |
| | ) |
|       Counter-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **HEARTLAND BANK AND TRUST COMPANY and CHARLES E. COVEY, TRUSTEE,** | ) |
| | ) |
|       Counter-Defendants. | ) |
| | ) |
| **FLLZ, L.L.C.,** | ) |
| | ) |
|       Counter-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **HEARTLAND BANK AND TRUST COMPANY and CHARLES E. COVEY, TRUSTEE,** | ) |
| | ) |
|       Counter-Defendants. | ) |

## O P I N I O N

This matter is before the Court on the Motion for Relief from Judgment filed by Heartland Bank and Trust Company (HEARTLAND). The issue is the correctness of the Court's application of Section 30-20 of the Illinois Limited Liability Company Act, 805 ILCS

180/1-1 *et seq.* (the "ILLCA"), providing as follows:

>    (a)  On application by a judgment creditor of a member of a limited liability company or of a member's transferee, a court having jurisdiction may charge the distributional interest of the judgment debtor to satisfy the judgment.  The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order.
>
>    (b) A charging order constitutes a lien on the judgment debtor's distributional interest.  The court may order a foreclosure of a lien on a distributional interest subject to the charging order at any time.  A purchaser at the foreclosure sale has the rights of a transferee.
>
>    (c)  at any time before foreclosure, a distributional interest in a limited liability company that is charged may be redeemed:
>>        (1) by the judgment debtor;
>>        (2) with property other than the company's property, by one or more of the other members; or
>>        (3) with the company's property, but only if permitted by the operating agreement.
>
>    (d) This Act does not affect a member's right under exemption laws with respect to the member's distributional interest in a limited liability company.
>
>    (e) This Section provides the exclusive remedy by which a judgment creditor of a member or a transferee may satisfy a judgment out of the judgment debtor's distributional interest in a limited liability company.

After HEARTLAND obtained a prepetition judgment against the Debtor, Michael E. LaHood (MICHAEL), it served him with a Citation to Discover Assets that impressed a lien upon MICHAEL'S personal property by operation of 735 ILCS 5/2-1402(m)(1). On cross motions for summary judgment, this Court determined that the lien was not valid against MICHAEL'S distributional interest in FLLZ, LLC (FLLZ) because the remedy set forth in Section 30-20 operates to the exclusion of all other remedies.[1]

---

[1] *In re LaHood,* 2009 WL 803558 (Bankr.C.D.Ill. 2009).

FLLZ owns a single asset, a large tract of unimproved real estate, and little else. The only members of FLLZ were MICHAEL and his cousin, Richard J. LaHood (RICHARD). MICHAEL'S capital contribution to FLLZ was financed by RICHARD pursuant to a note and a mortgage on the real estate owned by FLLZ.

After MICHAEL filed his Chapter 7 petition, RICHARD attempted to manipulate the dissolution of FLLZ and distribution of the real estate so as to cause the mortgage to be paid solely from MICHAEL'S half interest, a result that would have been financially disadvantageous to the bankruptcy estate. The Court rejected this attempt, holding that his actions were in violation of the automatic stay and void.

The Court's ruling left undisturbed the dissolution of FLLZ, voiding only the quit claim deeds by which RICHARD attempted to transfer title. The ruling leaves title to the real estate vested in FLLZ, awaiting distribution to RICHARD and to the Trustee, Charles E. Covey (TRUSTEE), as successor by operation of federal bankruptcy law to MICHAEL'S interest. With FLLZ now dissolved, the Court further decided that the TRUSTEE has the right to participate in the winding up of its affairs and to seek judicial supervision over the winding up process, as provided by 805 ILCS 180/35-4(a).

In support of its rulings, the Court applied Section 35-10 of the ILLCA which requires, as part of the winding up process, that the debts of the company, including obligations to members, be paid first. Only then may the surplus be paid to the members (or their successors), in satisfaction of their distributional interest. 805 ILCS 180/35-10.

The ILLCA draws a distinction between a membership interest and a distributional interest. Section 1-5 contains the following definitions:

> "Membership interest" means a member's rights in the limited liability company, including the member's right to receive distributions of the limited liability company's assets.

4

"Distributional interest" means all of a member's interest in distributions by the limited liability company.

"Distribution" means a transfer of money, property, or other benefit from a limited liability company to a member in the member's capacity as a member or to a transferee of the member's distributional interest.

In the memorandum of law filed in support of its motion, HEARTLAND characterizes the difference between the interests as meaning that "a member of an LLC holds two types of interests, non-economic and economic." (Doc. No. 71, p. 6). The Court agrees that that characterization captures the essence of the distinction. A member's "distributional interest" narrowly refers to his economic rights, while the broader term "membership interest" includes those economic rights as well as other non-economic rights. It is also plain that Section 30-20 only deals with the rights of a creditor with respect to a member's distributional (economic) interest, not with the member's non-economic rights.

With this background, HEARTLAND'S argument, although curiously undeveloped, may be framed as follows. The exclusive procedure of Section 30-20 pertains only to a distributional interest. HEARTLAND obtained a lien on MICHAEL'S membership interest. Therefore, the Court's decision is overly broad in applying Section 30-20 to a lien on a membership interest.[2]

From the nature of its argument, it is apparent that HEARTLAND wants to have it both ways. On one hand, it emphasizes the statutory distinction between a membership

---

[2] A supplementary proceeding is a post-judgment process designed to assist a judgment creditor in discovering assets to satisfy the judgment. *Lorillard Tobacco Co. v. Canstar (U.S.A.) Inc.*, 2006 WL 1444895 (N.D.Ill). By definition, such a proceeding is directed at discovering property owned by the debtor that has economic value that may be liquidated to pay the judgment. HEARTLAND'S focus on MICHAEL'S non-economic interest in FLLZ, by asserting a lien on his "membership interest," is counterintuitive to the intended function of a citation to discover assets.

5

interest and a distributional interest for purposes of obtaining a lien. Even though it did not obtain a Section 30-20 charging order, and so cannot have a lien on MICHAEL'S distributional interest, HEARTLAND contends that it nevertheless obtained a citation lien on his membership interest. On the other hand, HEARTLAND collapses that distinction for purposes of lien enforcement. By emphasizing its lien rights against MICHAEL'S membership interest, HEARTLAND necessarily implies, based on the facts of this case, that it somehow has the right to enforce that lien against MICHAEL'S distributional interest, which is the only interest that matters at this point, given FLLZ'S dissolution. This contention directly contradicts the plain language of Section 30-20(e).

HEARTLAND'S argument implies that a creditor can bypass the exclusive procedure of Section 30-20 and still, in effect, obtain a lien on a member's distributional interest by obtaining a lien on the entire membership interest, which is broader and includes the distributional interest. Section 30-20(e), however, provides the "exclusive remedy by which a judgment creditor of a member or a transferee may satisfy a judgment out of the judgment debtor's distributional interest." Since a charging order is the only way to obtain a lien on a distributional interest, HEARTLAND'S citation lien did not give rise to a valid lien on MICHAEL'S distributional interest, which includes his right to receive the distribution of any surplus upon the winding up of FLLZ.

HEARTLAND'S position violates the cardinal rule of statutory construction that a specific provision controls over a more general one. *See, Resolution Trust Corp. v. Gallagher,* 10 F.3d 416, 420 (7th Cir. 1993); *Village of Chatham v. County of Sangamon,* 216 Ill.2d 402, 431-32, 837 N.E.2d 29, 46-77 (2005). The statute providing for a citation lien is a general one

6

applicable to personal property interests without regard to kind or class. Section 30-20, on the other hand, narrowly pertains to only one kind of personal property, an LLC member's distributional interest. Because the Legislature adopted that provision as the exclusive remedy for that kind of property, the statutes cannot be harmonized as providing alternative remedies. Rather, Section 30-20 is the sole remedy with respect to distributional interests. The language of the statute cannot be more plain.

HEARTLAND mischaracterizes the Court's Opinion as holding that Section 30-20 operates to preclude a citation lien from attaching to a member's non-economic rights. The Court held no such thing. On the facts of this case, that issue was not presented. Given the dissolution of FLLZ, and the TRUSTEE'S right to participate in its winding up through sale of the real estate, the salient issue is whether HEARTLAND has an unavoidable lien that attaches to MICHAEL'S right to receive distribution of the surplus value of the real estate after it is sold and after RICHARD'S mortgage is first paid from the sale proceeds. That economic right is part of MICHAEL'S distributional interest. Any non-economic rights that he had as a member of FLLZ are not at issue because of its dissolution.[3]

Service of a citation to discover assets gives rise to a lien that binds the judgment debtor's nonexempt personal property. 735 ILCS 5/2-1402(m). Whether, as HEARTLAND contends, a limited liability company member's non-economic rights are personal property to which such a lien may attach is an issue that is not before the Court.[4] This Court, in its

---

[3] Included among non-economic rights are the right to participate in the management of the company, including the right to vote, and the right of access to company records. *See* ILLCA, Sections 1-40, 10-15 and 15-1. It seems safe to say that those rights are of no value once the company is dissolved.

[4] What good does it do HEARTLAND to have a lien on MICHAEL'S non-economic rights when it is his distributional interest that the TRUSTEE is proposing to administer? HEARTLAND never explains. Moreover, FLLZ's Operating Agreement precludes an assignee or transferee from obtaining membership status, with its attendant non-economic rights. Even assuming a judgment creditor may obtain a lien on a member's non-economic rights, lienor status does not entitle the creditor to exercise those rights. Not surprisingly, a judgment creditor's statutory remedy is directed toward a member's economic rights. Section 30-20 reflects the reality that it is the member's economic interest that has value for a creditor. HEARTLAND'S position is inexplicably detached from that reality.

7

Opinion, based upon the facts in the record, held that service of a citation to discover assets does not create a valid lien against a member's distributional interest because of the exclusivity of Section 30-20 of the ILLCA. HEARTLAND'S contention that the Court intended a more expansive ruling is simply not correct.

HEARTLAND'S main substantive quarrel with the Court's Opinion is captured in the following statement that appears in its Memorandum:

> The "exclusive remedy" language of Section 30-20 of the LLC Act cannot be interpreted as meaning "to the exclusion of all other remedies," which would result in conflict and discord with the supplementary proceedings procedure set forth in Section 2-1402 of the Code of Civil Procedure. (Doc. No. 71, p. 13).

The internal quote references a portion of the Court's Opinion, more fully set forth as follows:

> In this Court's view, the unambiguous term "exclusive remedy" must be interpreted as meaning "to the exclusion of all other remedies." It cannot be interpreted as meaning "in addition to other remedies." Section 30-20(e) forecloses the possibility that the lien obtained via a charging order is simply another alternative to a citation lien. Exclusive means exclusive. The lien provided in Section 30-20(b), conditioned upon entry of a charging order, is the only one available to a creditor seeking to attach or enforce a judgment against the interest of a member in an Illinois limited liability company.[5] (Doc. No. 66, p. 24-25).

The Court disagrees with HEARTLAND'S assertion that giving "exclusive" its plain meaning would cause Section 30-20 of the ILLCA to conflict with Section 2-1402 of the Illinois Code of Civil Procedure. Section 2-1402 provides a broad, general collection remedy. The Illinois Legislature is certainly free to create other remedies for specific kinds

---

[5] This Court's reference to the "interest" of a member, is necessarily limited to the "distributional interest" of a member, which is the only interest in dispute. As stated herein, the Court takes no position on whether service of a citation to discover assets creates a lien upon a member's non-economic rights that are included in the defined term "membership interest." Even if that assertion is true, it gains HEARTLAND nothing in view of the fact that it is MICHAEL'S distributional interest that is at issue here, which is governed by the unambiguous, specific language of Section 30-20.

8

of property interests and to have those specific remedies operate independently and to the exclusion of Section 2-1402. The Legislature unambiguously did that in Section 30-20 of the ILLCA. The two provisions are not conflicting. A judgment creditor who wishes to obtain a lien and/or enforce collection against the economic entitlements of a limited liability company member must follow the procedure set forth in Section 30-20. If the creditor wishes to obtain a lien against other property, the creditor may follow the procedure set forth in Section 2-1402.

Grasping at straws, HEARTLAND argues that the citation lien is a "proper" and "necessary" remedy because no procedure exists for obtaining a charging order. (Doc. No. 71, pp. 12-13). To the contrary, Section 30-20 provides that a judgment creditor shall apply to a court of competent jurisdiction for an order that charges (and impresses a lien upon) the distributional interest of the judgment debtor. The statute specifically authorizes the court to issue any order necessary to give effect to the charging order, including ordering an accounting, appointing a receiver, and foreclosing the lien by sale. 805 ILCS 180/30-20(a) and (b). In the event of foreclosure, the statute provides for redemption by the judgment debtor, the other members, or the company itself if permitted by the operating agreement. 805 ILCS 180/30-20(c). Contrary to HEARTLAND'S contention, the charging order and enforcement procedures are clearly outlined in the statute. Rather than depriving a creditor of a mechanism to enforce a judgment, Section 30-20 creates a special remedy that enables the creditor to realize the value of the judgment debtor's distributional interest, while at the same time protecting both the limited liability company's ability to continue to operate and the interests of the other members.[6]

---

[6] In its Memorandum, HEARTLAND claims that interpreting the charging order procedure as exclusive, strips a creditor of the ability to obtain value from the debtor's personal property. (Doc. No. 71, p. 3). The plain language of Section 30-20 proves this statement untrue.

9

In its Memorandum, HEARTLAND devotes several pages to a discussion of *Dowling v. Chicago Options Associates, Inc.,* 365 Ill.App.3d 341, 847 N.E.2d 741 (Ill.App. 1 Dist. 2006). This Court, in its Opinion, analyzed the *Dowling* opinion in detail and nothing in HEARTLAND'S Memorandum contradicts the Court's view that *Dowling* is not instructive because the court there was not asked to and did not consider Section 30-20. Rightly or wrongly, the judgment debtor did not dispute that the creditor had a lien on his membership interest and failed to draw any distinction between a membership interest and a distributional interest. Therefore, the court never addressed the propriety of the lien itself. Specifically, the court did not address whether the citation procedure applies to a member's distributional interest or, for that matter, whether it applies to a membership interest.

Noting that the judgment debtor "concedes" that his "interests" in two limited liability companies and a corporation were subject to the creditor's collection efforts, the *Dowling* court identified the narrow issue by stating that the debtor "asserts that he should not have had to make a direct conveyance of his ownership interests in those entities to [the creditor]. [The debtor] asserts that the assets should have been collected by the sheriff and sold at public sale." 365 Ill.App.3d at 354, 847 N.E.2d at 751.

Agreeing with the debtor's position, the Appellate Court of Illinois reversed the decision of the circuit court, as follows:

> We find the facts of this case similar to those of *Pick,* and note that the language in section 2-1402(e) controls the outcome of this issue. Here, the circuit court ordered Davis to turn over his ownership interests in Manor LLC, Buckhorn Ranch, and Boomis directly to Dowling. The circuit court's order was entered in error because section 2-1402(e) mandates that a judgment debtor turn over personal property subject to collection to the

10

> sheriff for public sale. As stated earlier, Davis does not dispute that his ownership interest in Buckhorn Ranch, Boomis, and Manor LLC were capable of being collected by Dowling; instead, Davis argues that the judgment order was not entered in conformity with the statute. It is unclear from the record and from answers given at oral argument whether Dowling has sold Davis's interests in Manor LLC, Buckhorn Ranch, and Boomis. If these assets have been sold, Davis should be given credit for the fair market value of the assets against the underlying judgment. However, if the assets have not been sold, then the circuit court should enter a revised order directing Dowling to turn the assets over to the sheriff, who will conduct a public sale of the assets.

365 Ill.App.3d at 355, 847 N.E.2d at 752.

The dispute in *Dowling,* and thus its holding, is limited to a very narrow issue summarized as follows: Does Section 2-1402(e) of the Illinois Code of Civil Procedure, which provides that all property subject to a citation lien shall be delivered up to the sheriff for public sale, preclude the issuance of an order for direct turnover of property to the judgment creditor? The court answered that narrow question in the affirmative. *Dowling* does not speak to the issues before this Court. HEARTLAND attempts to stretch and contort the scope of the *Dowling* opinion, to no avail.

HEARTLAND also engages in an extensive discussion of *Bobak Sausage Co. v. Bobak Orland Park, Inc.,* 2008 WL 4814693 (N.D.Ill. 2008), another case analyzed in this Court's Opinion. HEARTLAND acknowledges that the *Bobak* court characterized the charging order procedure as the exclusive remedy to satisfy a judgment out of the member's economic (distributional) interest. After noting that the citation statute provides that a sheriff's sale is not necessarily the best method for liquidating all forms of personal property, and that such a sale is not the most appropriate way to sell an interest in a limited

liability company, the court turned to the ILLCA, reasoning as follows:

> The Illinois LLC statute accords with this analysis. Section 30-20 provides the "exclusive remedy" of a judgment creditor of a LLC member seeking to satisfy a judgment via the member's interest. 805 ILCS 180/30-20(e). A court with jurisdiction "may charge the distributional interest of the judgment debtor to satisfy the judgment." *Id.* 180/30-20, 301 Ill.Dec. 731, 847 N.E.2d 741(a). The statute defines "distributional interest" as a member's rights to monetary distributions from the LLC. *Id.* 180/1-5, 301 Ill.Dec. 731, 847 N.E.2d 741. "A charging order constitutes a lien on the judgment debtor's distributional interest." *Id.* 180/30-20, 301 Ill.Dec. 731, 847 N.E.2d 741(b). Section 180/30-20(b) further provides that a court may order a foreclosure on that lien at any time. *Id.* Courts in other states with similar LLC statutes have interpreted this provision to allow a court to order the distributional interest charged with the payment of a judgment. *See Herring v. Keasler,* 150 N.C.App. 598, 600-01, 563 S.E.2d 614, 615-16 (2002) (holding that forced sale of a judgment debtor's membership interest was prohibited under North Carolina's LLC statute and that charging the distributional interest was the proper remedy). Section 30-20 also allows a court to appoint a receiver for the distributional interest. 805 ILCS 180/30-20(a). Though the Illinois Supreme Court has not spoken on the matter, these provisions seem to contradict *Dowling*'s assertion that the only permissible method of disposal for an interest in an LLC is a public sale administered by the sheriff.

*Id.* at *5.

This Court stands by its view that *Bobak* recognizes that a broad reading of *Dowling* cannot be squared with Section 30-20, at least to the extent of the member's economic or distributional interest. If it has any validity at all regarding limited liability company interests, *Dowling* is valid only as it might apply to the forced sale of a member's non-economic rights in a limited liability company. Even to that limited extent, *Bobak* is critical of *Dowling* since, in the *Bobak* court's opinion, a public sale by sheriff is "not the most appropriate way to sell" a judgment debtor's non-economic interest in a limited liability company.[7] *Bobak* at *5.

---

[7] The *Dowling* court based its decision on the first sentence of Section 2-1402(e), stating the general rule that personal property is to be sold by the sheriff at public sale. The *Bobak* court focused on the second sentence of that section, providing an exception to the general rule, where the property is of such a nature that "another method of sale is more appropriate to liquidate the property or enhance its value at sale." 735 ILCS 5/2-1402(e).

12

For these reasons, HEARTLAND'S Motion for Relief from Judgment must be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###